# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BILLY JOE LOWERY,            )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. CIV-09-219-FHS-SPS
                             )
COUNTY OF OKFUSKEE, et. al., )
                             )
            Defendants.      )

## ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections and housed at the John Lilley Correctional Center, appearing *pro se*, has filed with this court a civil rights complaint.

Defendants Dale Fipps, Bruce Smith, Jack Choate, Max Henry Smith and Rex Hefner filed Motions to Dismiss (Docs. #46 and # 47) arguing that plaintiff failed to exhaust his administrative remedies and as a result, his civil rights complaint must be dismissed. Plaintiff failed to file a response to the motions. In his Third Amended Complaint, plaintiff admits that he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

1

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not 'enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems.' <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.) Plaintiff admits that he failed to exhaust administrative remedies. The court finds plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies, and he has cited no authority or facts to demonstrate he was denied access to those administrative procedures.

Accordingly, the defendants Dale Fipps, Bruce Smith, Jack Choate, Max Henry Smith and Rex Hefner's Motions to Dismiss are hereby granted for plaintiff's failure to exhaust administrative remedies.

**IT IS SO ORDERED** this 9th day of March, 2010.

Frank H. Seay
United States District Judge